UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN FINN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>EMPRESS AMBULANCE SERVICES, INC., d/b/a EMPRESS EMS,<br><br>        Defendant. | Case Nos. 22-CV-8101 (KMK), 22-CV-8584 (KMK), 22-CV-8590 (KMK), 22-CV-08603 (KMK), 22-CV-8663 (KMK), 22-CV-08679 (KMK), 22-CV-8777 (KMK), 22-CV-9318 (KMK), 22-CV-9322 (KMK)<br><br><u>ORDER</u> |

KENNETH M. KARAS, District Judge:

Before the Court is Defendant Empress Ambulance Service's ("Defendant") Motion for the Court to stay proceedings in eight later-filed cases against it to allow a scheduled mediation to proceed in *Finn v. Empress Ambulance Service, LLC*, No. 22-CV-8101 (the "*Finn* Action").[1] For the reasons stated below, the Court grants this request, subject to the conditions set out in this Order.

The Court will briefly recount the relevant allegations underlying these Actions.

Defendant became aware of a breach of its computer systems that resulted in the loss of customer

---

[1] The later-filed cases include *Egan v. Empress Ambulance Service LLC*, No. 22-CV-8584; *Normand v. Empress Ambulance Services, Inc.*, No. 22-CV-8590; *Cardwell v. Empress Ambulance Service*, LLC, No. 22-CV-8603; *Castaldo v. Empress Ambulance Services, LLC*, No. 22-CV-8663; *Ford v. Empress Ambulance Service LLC*, No. 22-CV-8679; *Saunders v. Empress Ambulance Service LLC*, No. 22-CV-8777; *Contristano v. Empress Ambulance Service, LLC*, No. 22-CV-9318; and *Colon v. Empress Ambulance Service, LLC*, No. 22-CV-9322 (collectively, the "Later-Filed Actions" and with the *Finn* Action, the "Empress Actions").
 Defendant's request to stay was made in multiple, largely identical letters filed on dockets in several of the Later-Filed Actions. (*See* Dkt. No. 9 (22-CV-8584 Dkt.); Dkt. No. 9 (22-CV-8590 Dkt.); Dkt. No. 6 (22-CV-9318 Dkt.); Dkt. No. 6 (22-CV-9322 Dkt.).) Defendant reiterated its request in a conference that the Court held with all Parties in the Empress Actions on November 10, 2022. (*See* Dkt. (minute entry for November 10, 2022).)

information on July 14, 2022.  (*See* Compl. ¶ 17 (Dkt. No. 1).)  On or about September 9, 2022, Defendant began providing notice of the breach to affected customers.  (*Id*. ¶ 18.)  All of the Empress Actions were filed after Defendant provided notice, and the *Finn* Action is the earliest filed case.  (*See generally* Dkt.)[2]

The Second Circuit has long recognized that "a district court possesses inherent authority to control the disposition of the causes on its docket and has power to stay an action as an incident of that authority."  *Rodriguez v. Gusman*, 974 F.3d 108, 113 (2d Cir. 2020) (quotation omitted); *see also Range v. 480-486 Broadway, LLC*, 810 F.3d 108, 113 (2d Cir. 2015) (same) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  "[T]he decision whether to issue a stay is [therefore] 'firmly within a district court's discretion.'"  *LaSala v. Needham & Co., Inc.*, 399 F.Supp.2d 421, 427 (S.D.N.Y.2005) (quoting *Am. Shipping Line v. Massan Shipping*, 885 F.Supp. 499, 502 (S.D.N.Y.1995)).  When determining whether to stay an action, courts analyze five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.,* 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009).  When considering these factors, "the basic goal is to avoid prejudice."  *Catskill Mountains*, 630 F. Supp. 2d at 304 (S.D.N.Y. 2009) (internal quotation marks and citation omitted).

---

[2] Two of the Later-Filed Actions were originally filed in New York Supreme Court, Westchester County and then removed by Defendants.  According to the Complaints filed with the Notices of Removal, both of these cases were filed after the *Finn* Action.  (*See generally* Not. of Removal Ex. A (Dkt. No. 1, 22-CV-9318 Dkt.); Not. of Removal Ex. A (Dkt. No. 1, 22-CV-9322 Dkt.).)

The Court finds that all of these factors weigh in favor of staying the Later-Filed Actions to allow mediation to proceed in the *Finn* Action.  While the Plaintiffs in the Later-Filed Actions will experience delay as a result of a stay, the Court is mindful that the *Finn* Action was filed as a class action on behalf of all similarly situated plaintiffs (*see* Compl. 1); a class-wide settlement resulting from the pending mediation would potentially provide relief to all Plaintiffs in short order, vitiating any prejudice resulting from the delay, s*ee, e.g., Thompson v. Fluent, Inc*., No. 20-CV-2680, 2020 WL 8642144, at *3 (S.D.N.Y. Nov. 29, 2020) (finding limited prejudice where a stay is for a brief period of time.).

Defendant, the Court, and the public have a considerable interest in reducing unnecessary litigation that would result if the Court ordered briefing on consolidation of these actions. Delaying mediation of the underlying dispute in favor of counsel for the various Plaintiffs arguing over who should be negotiating at that mediation "would interfere with the [] proceedings, delay[] rather than expedit[e] the disposition of [these] cases and increase[e] expense to the Parties."  *Kamden-Ouaffo v. Pepsico, Inc.,* 314 F.R.D. 130, 137 (S.D.N.Y. 2016).

Therefore, until further Order of the Court, Defendant's motion for a stay of proceedings in the Later-Filed Actions is granted.

The Court directs the Parties in the *Finn* Action to submit joint status reports to the public docket providing updates on the progress of negotiations every 14 days, beginning on November 18, 2022.

Plaintiffs in all Later-Filed Actions are to file any correspondence concerning this stay or any other matters related to this litigation to the public docket of the *Finn* Action.

The Clerk of the Court is respectfully directed to docket this Order in 22-CV-8584, 22-CV-8590, 22-CV-08603, 22-CV-8663, 22-CV-08679, 22-CV-8777, 22-CV-9318, 22-CV-9322.

SO ORDERED.

DATED:      November 14, 2022
            White Plains, New York

_____

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE